IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 NOV 9 AM 10:58

|  |  |
|---|---|
| DONALD DOC VAUGHAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 22-cv-1673-LKG |
| v. ) | |
| ) | Dated: November 8, 2023 |
| BRANDON RENNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Self-represented Plaintiff Donald Doc Vaughan, Jr., who is currently incarcerated at North Branch Correctional Institution in Cumberland, Maryland, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Brandon Renner, Anthony Hutzler, and R. Strawderman, alleging excessive force in violation of his Eighth Amendment rights.[1] ECF No. 1. Pending are Plaintiff's Motion to Amend Complaint (ECF No. 17), Motion to Proceed *in Forma Pauperis* (ECF No. 18), and Motion to Appoint Counsel (ECF No. 19) as well as Defendants Hutzler and Renner's Motion to Dismiss (ECF No. 20).[2] Plaintiff was informed by the Court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that the failure to file a response in opposition to the Motion could result in dismissal of the Complaint. ECF No. 21. To date, Plaintiff has not filed anything to oppose Defendants' Motion. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons explained below, the Court will grant Defendants' Motion and deny Plaintiff's Motions.

---

[1] Plaintiff also sought to bring Eighth Amendment deliberate indifference claims against the Maryland Department of Public Safety and Correctional Services, the Medical Department at RCI, Corizon Health, and Wexford Health for failure to provide adequate medical care. However, because Plaintiff either named defendants immune from suit or failed to adequately state a claim against them, these claims were dismissed. *See* ECF Nos. 6, 11.

[2] Plaintiff's Motion to Proceed *in Forma Pauperis* will be denied as moot because Plaintiff was already granted *in forma pauperis* status on December 13, 2022. *See* ECF No. 11.

**Background**

Plaintiff alleges that on February 2, 2018, at approximately 4:30 p.m., he was assaulted by Defendants Renner, Hutzler, and Strawderman at Roxbury Correctional Institution ("RCI"). ECF No. 1 at 2. Plaintiff was returning to his housing unit, when CO M. Hosfall told him to turn around so he could be handcuffed. ECF No. 7 at 2. Plaintiff was then placed in the tier recreation hall until Renner arrived and informed him that he was moving to "lockup." *Id.* at 2-3. Renner then conducted a search of Plaintiff, at which time Plaintiff asserts Renner grabbed his butt, prompting him to turn around. *Id.* at 3. Plaintiff claims that, following a verbal argument, Renner struck him multiple times in the head and face and Hutzler kneed his right arm and torso while holding him down. *Id.* at 4; ECF No. 4 at 2, 10. Plaintiff generally claims that Strawderman also participated in the assault. *See* ECF No. 7 at 3. According to Plaintiff, the injuries to his face required corrective surgery. ECF No. 1 at 2. Plaintiff also suffers from post-traumatic stress disorder as a result of the attack. *Id.* at 3.

Defendants state that Plaintiff already filed a "nearly identical lawsuit" against Defendants in 2019, in Case No. CCB-19-183, in which the Court dismissed the Complaint against Strawderman and granted judgment in favor of Renner and Hutzler. ECF No. 20-1 at 2. As Plaintiff's claims in this case and his 2019 action arise from the same Use of Force incident, Defendants assert that Plaintiff's allegations are barred by res judicata.

**Motion to Dismiss**

**I.    Legal Standard**

Defendants Renner and Hutzler move to dismiss the Complaint for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the Motion, the Court accepts the well-pleaded allegations as true and in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

2

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## II.   Analysis

Plaintiff filed a complaint in Civil Action CCB-19-183 against Warden Denise A. Gelsinger, COII B. Renner, COII A. Hutzler, COII R. Strawderman, RCI, Wayne Hill, and T.A. Williams on January 18, 2019. *See* Civil Action CCB-19-183, ECF No. 1. In that case, Plaintiff alleged that on February 2, 2018, while being transported between tiers, Renner struck him in the head and face. Civil Action CCB-19-183, ECF No. 6 at 3. Plaintiff claimed that he was trying to defend himself from Renner's assault, when Hutzler and Strawderman arrived to assist Renner. *Id.* at 3-4. The Court entered summary judgment in favor of the defendants on November 26, 2019. Civil Action CCB-19-183, ECF No. 23. Defendant RCI was dismissed because it was not amendable to suit under 42 U.S.C. § 1983 and the Court found that Plaintiff had in fact attacked Renner and that Hutzler and Strawderman had responded to assist Renner and restore order. Civil Action CCB-19-183, ECF No. 22 at 12. It was determined that the initial use of force had been used to gain Plaintiff's compliance and that he had not alleged any use of force thereafter. *Id.*

*Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Plaintiff's claims are barred by *res judicata*. In Civil Action CCB-19-183, this Court entered a final judgment on the merits of Plaintiff's excessive force claim when it granted the defendants' motion for summary judgment. Here, Plaintiff raises the same excessive force claim regarding the February 2, 2018, incident at RCI as he alleged in the previous action. Plaintiff also names the same three defendants in the previous action as he names here. As such, the Court finds that Plaintiff's claims are barred by *res judicata*. Accordingly, the Motion to Dismiss will be granted and the Complaint dismissed against Defendants Renner and Hutzler.[3]

Remaining is Defendant Strawderman, who will also be dismissed as the claims against him are barred by *res judicata*. Although Strawderman has not been served, a Court may raise res judicata sua sponte if it "is on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Smith v. Spears*, 2018 WL 4523201, at *3 (D.S.C. Feb. 8, 2018) ("While res judicata is ordinarily an affirmative defense, a court may sua sponte raise the issue of res judicata in special circumstances where the previous action was litigated in the same district court, or where all relevant data and legal records are before the court and judicial economy will be served by invoking res judicata sua sponte."). As it is clear that Plaintiff has previously brought this same claim in this Court for the reasons discussed above, the Complaint will also be dismissed against Strawderman.

## Motion to Amend

Plaintiff's Motion to Amend once again seeks to bring claims for a failure to provide adequate medical care to him following the February 2, 2018, incident. *See generally,* ECF No. 17. The Court first notified Plaintiff that his medical care claim was insufficient in its Order issued September 20, 2022, wherein he was instructed that he had failed to identify the individuals responsible for the alleged misconduct or to state what actions were inadequate to address his medical needs. ECF No. 6 at 2. He was granted leave to file a supplement to the Complaint. *Id.* at 3, 4. Plaintiff filed a supplement, and although he named numerous individuals as defendants, he still failed to attribute the alleged wrongdoing to any of the proposed additional defendants. *See* ECF No. 7; ECF No. 11 at 1-2. Accordingly, those claims were dismissed without prejudice. ECF No. 11 at 2.

---

[3] As the Complaint is precluded by *res judicata*, the Court need not address Defendants Renner and Hutzler's remaining arguments.

Now, Plaintiff again attempts to move his medical care claims forward. The Motion to Amend, which takes the form of an amended complaint, names only Wexford Health Sources in addition to Defendants Renner, Hutzler, and Strawderman. ECF No. 17 at 3. He once again fails to name any individuals responsible for the alleged failure to provide adequate medical care and thus fails to state a plausible claim for relief against the proposed defendant, Wexford Health Sources. It would therefore be futile to grant Plaintiff's Motion. Accordingly, the Motion to Amend will be denied. *See* Fed. R. Civ. P. 15(a)(2); *Katyle v. Penn Nat. Gaming, Inc.* 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)). Furthermore, as this case will not proceed, Plaintiff's Motion to Appoint Counsel will also be denied.

## Conclusion

For the foregoing reasons, Defendants Renner and Hutzler's Motion to Dismiss is granted and Plaintiff's Motion to Amend is denied. Plaintiff's claims against the Defendants are dismissed and his Motion to Appoint Counsel and Motion to Proceed in Forma Pauperis are denied.

A separate Order follows.

11-8-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge

5